**Garry Thomas ALLEN, Petitioner–Appellee,**

v.

**Randall G. WORKMAN, Warden, Oklahoma State Penitentiary, Respondent–Appellant.**

No. 12–6094.

United States Court of Appeals, Tenth Circuit.

April 19, 2012.

Randy A. Bauman, Sarah M. Jernigan, Office of the Federal Public Defender, Oklahoma City, OK, for Petitioner–Appellee.

Robert Whittaker, Office of the Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondent–Appellant.

Before BRISCOE, Chief Judge, KELLY, LUCERO, MURPHY, HARTZ, O'BRIEN, TYMKOVICH, GORSUCH, HOLMES and MATHESON, Circuit Judges.

**ORDER AND JUDGMENT**[*]

PER CURIAM.

The district court entered a stay of petitioner's imminent execution pending its disposition of a habeas petition claiming that he is not competent to be executed. *See generally Panetti v. Quarterman,* 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007); *Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). Respondent appealed from the order granting the stay. After a divided panel decision vacated the stay, the en banc court voted to take the matter under consideration and issued an order vacating the panel decision. As we noted, the immediate result was that the district court's stay order remained in effect pending the en banc court's resolution of respondent's appeal. *Allen v. Workman,* No. 12–6094, Order at 2 (Apr. 12, 2012) (en banc). The Supreme Court subsequently denied respondent's separate application to vacate the district court's stay order. *Workman v. Allen,* —— U.S. ——, 132 S.Ct. 1904, —— L.Ed.2d —— (2012).

Upon further review, the en banc court is now prepared to enter a decision disposing of the appeal and hereby affirms the order staying execution entered by the district court.

The order of the district court staying petitioner's execution pending disposition of his habeas petition is AFFIRMED.[1] The mandate shall issue forthwith. The district court may immediately resume

[*] After examining the briefs and appellate record, the en banc court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1. Judges O'Brien, Gorsuch, and Holmes dissent from the en banc court's decision.

proceedings on the underlying habeas petition.